**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

John Kyle Picotte,

      Plaintiff

v.

Warden Frazier, et al

      Defendants

Case No. 2:24-cv-00207-JAD-NJK

**Order Granting Motion for
Summary Judgment and
Closing Case**

[ECF No. 18]

      Pro se Nevada state prison inmate John Picotte sues Warden Frazier and other state officers, asserting a claim under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.[1]  The only remaining defendant, Donald Hicks, moves for summary judgment on Picotte's claim, arguing that Picotte did not exhaust his administrative remedies and the evidence does not support a constitutional violation.[2]  Picotte did not respond to Hicks's motion.  Because Picotte failed to properly exhaust all available administrative remedies before filing this suit, as the Prison Litigation Reform Act requires,[3] I grant Hicks's motion for summary judgment and close this case.

**Discussion**

**A.**     **Summary judgment standards**

      Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[4]  When considering summary judgment, the court views all facts and draws all

---

[1] ECF Nos. 1-1, 4.

[2] ECF No. 18.

[3] 42 U.S.C. § 1997e(a).

[4] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

inferences in the light most favorable to the nonmoving party.[5]  If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[6]

If the moving party satisfies Federal Rule of Civil Procedure 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[7]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[8]  The court considers only properly authenticated, admissible evidence in deciding a motion for summary judgment.[9]

Hicks argues that he is entitled to summary judgment because the evidence shows, among other things, that Picotte failed to exhaust his administrative remedies.[10]  Picotte has filed no

---

[5] *Kaiser Cement Corp. v. Fishbach & Moore, In*c., 793 F.2d 1100, 1103 (9th Cir. 1986).

[6] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[8] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (cleaned up); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[9] Fed. R. Civ. P. 56(c); *Orr*, 285 F.3d at 773–74.

[10] ECF No. 18.  Hicks also argues that he is entitled to summary judgment because the evidence shows that he was not deliberately indifferent to Picotte's medical needs, Hicks is not a medical professional nor had any involvement in Picotte's treatment, Hicks enjoys qualified immunity from his claim, and he cannot be sued for monetary damages in his official capacity.  *Id.* Because I grant summary judgement based on lack of exhaustion, I need not, and do not reach these arguments.

2

response to Hicks's motion.  Nonetheless, because summary judgment cannot be granted by default,[11] I scrutinize the record to determine if Hicks has met his summary-judgment burden.

**B.      Picotte failed to fully exhaust his claims before filing suit.**

*1.        **Prisoner plaintiffs must fully exhaust the grievance process before filing suit.***

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all available administrative remedies before filing a civil-rights action to challenge prison conditions.[12] Failure to properly exhaust all available administrative remedies is "an affirmative defense the defendant must plead and prove."[13]  The Ninth Circuit instructed in *Albino v. Baca* that a summary-judgment motion is the proper procedural device to resolve PLRA-exhaustion questions.[14]  "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."[15]

"The defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy."[16]  The PLRA requires "proper exhaustion," meaning that the inmate must comply with the prison's "deadlines and other critical procedural rules"[17] and properly use "all steps that the [prison] holds out" so that the facility is

---

[11] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

[12] 42 U.S.C. § 1997e(a).

[13] *Jones v. Bock*, 549 U.S. 199, 204 (2007).

[14] *Albino v. Baca*, 747 F.3d 1162, 1168–71 (9th Cir. 2014) (adopting the "use of a motion for summary judgment, as opposed to an unenumerated Rule 12(b) motion, to decide exhaustion" and explaining that either party "may move for summary judgment on the exhaustion question, followed, if necessary, by a decision by the court on disputed questions of material fact relevant to exhaustion").

[15] *Id.* at 1166.

[16] *Id.* at 1172 (cleaned up).

[17] *Woodford v. Ngo*, 548 U.S. 81, 83, 91 (2005).

3

given an opportunity to address the issues on the merits.[18]  Once the defendant has shown that there was an available administrative remedy, the burden shifts to the inmate to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."[19]  The PLRA's exhaustion requirement is mandatory: exhaustion is only excused if administrative procedures are not available.[20]

### 2.    *Picotte failed to exhaust all available administrative remedies before filing suit.*

The NDOC has a three-level grievance process.[21]  An inmate begins this process by filing an informal grievance.[22]  He can appeal the prison's response to his informal grievance by filing a first-level grievance.[23]  To exhaust, the inmate must also appeal the prison's first-level response by filing a second-level grievance.[24]

At the time of this case's filing, Picotte had filed only an informal grievance: number 2006-31-56206.[25]  That grievance shows that Picotte did not properly exhaust because he did not proceed through all three levels of the prison's grievance process.[26]  So Hicks has carried his

---

[18] *Id.* at 90–91 (cleaned up).

[19] *Baca*, 747 F.3d at 1172 (quoting *Hilao v. Est. of Marcos*, 103 F.3d 767, 778 (9th Cir. 1996)) ("Once the defendant makes a showing of remedies abroad that have not been exhausted, the burden shifts to the plaintiff to rebut by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.")).

[20] *Ross v. Blake*, 578 U.S. 632, 642 (2016) (holding that a court may not excuse an inmate's failure to exhaust administrative remedies before bringing suit under the PLRA even to take "special" circumstances into account).

[21] *See* ECF No. 18-8 (Administrative Regulation 740).

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *See* ECF Nos. 18-6, 18-7.

[26] *Id.*; *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

burden to show that Picotte did not properly exhaust his administrative remedies, and the burden to rebut exhaustion shifts to Picotte. Picotte has filed no response and thus offers no "evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him" as is required to excuse a failure to exhaust.[27] Because Hicks has shown that the prison was never given the opportunity to address Picotte's claim at each level of the grievance process and Picotte has not shown that the PLRA's mandatory exhaustion requirement is excused, Hicks is entitled to summary judgment in his favor.

## Conclusion

IT IS THEREFORE ORDERED that defendant Donald Hicks's motion for summary judgment **[ECF No. 18] is GRANTED.** The Clerk of Court is directed to **ENTER JUDGMENT** against the plaintiff and in favor of defendant Donald Hicks **and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
June 22, 2026

---

[27] *Baca*, 747 F.3d at 1172.